# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAN ABERA,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO PACIFICVU LLC, et al.,<br><br>Defendants. | Case No.: 25-cv-01488-RBM-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE**<br><br>**[Docs. 20, 24]** |

Pending before the Court are Plaintiff Aman Abera's ("Plaintiff") Motion to Vacate Judgment Under Rule 60(b)(4) for Failure to Adjudicate Judicial Disqualification Under 28 U.S.C. § 144 ("Motion to Vacate") (Doc. 20) and Motion to Vacate Void Judgment Under Rule 60(b)(4) for Post-Divestiture Dismissal and Under Rule 60(d)(3) ("Second Motion to Vacate") (Doc. 24). For the reasons discussed below, Plaintiff's Motion to Vacate (Doc. 20) and Second Motion to Vacate (Doc. 24) are **DENIED**.

## I. BACKGROUND

Plaintiff filed three identical actions in this Court asserting the same claims arising from an unlawful detainer matter adjudicated in the Superior Court of California, County of San Diego, captioned as *San Diego PacificVu LLC v. Abera*, Case No. 24UD014810C (the "Unlawful Detainer Action"). (*See* Doc. 1 at 2, 8; *see* Doc. 2 at 31.)

1

## A.   *Abera I*

On June 5, 2025, Plaintiff filed the first civil action before this Court.  *See Abera v. PacificVU LLC et al.*, Case No. 25-cv-01437-RBM-DEB (S.D. Cal. June 5, 2025), ECF No. 1 ("*Abera I*").  On the same day, Plaintiff filed an Application to Proceed *In Forma Pauperis* and an Emergency Ex Parte Application for Temporary Restraining Order.  *Id.*, ECF Nos. 2, 3.  On June 9, 2025, before the Court issued a ruling on his applications, Plaintiff filed a Notice of Appeal with the Ninth Circuit appealing this Court's "effective . . . constructive denial" of the Emergency Ex Parte Application.  *Id.*, ECF No. 6.

On June 10, 2025, this Court denied Plaintiff's IFP Application for failure to adequately allege indigency but granted Plaintiff leave to file an amended application.  *Id.*, ECF No. 8 at 4 ("If Plaintiff wishes to proceed IFP, he may file a renewed IFP application that provides clear and legible answers and sufficiently demonstrates indigency.").  Instead of filing an amended IFP application, Plaintiff filed a second lawsuit in this District.  (*See infra* Sec.I.B.)  On June 16, 2025, the Ninth Circuit denied Plaintiff's appeal for lack of jurisdiction.  *Id.*, ECF No. 12 at 1; *see* ECF No. 14.  On October 8, 2025, Plaintiff filed a Motion to Vacate Judgment under Rule 60(b)(4) and Rule 60(d)(3), which includes similar arguments to the Second Motion to Vacate filed in the instant action.  *Id.*, ECF No. 15.  Although *Abera I* remains closed, Plaintiff has continued to file several miscellaneous notices between October 14, 2025 and January 21, 2026.  *See id.*, ECF Nos. 18–22.[1]

## B.   *The Instant Action—Abera II*

Instead of filing an amended application in *Abera I*, Plaintiff initiated the instant action on June 18, 2025. (Doc. 1.) Plaintiff filed a second Application to Proceed *In Forma Pauperis* ("IFP Application") (Doc. 3), a second Emergency Ex Parte Application for Temporary Restraining Order ("TRO Application") (Doc. 2), and a Motion for Leave to

---

[1]  As noted *infra*, Plaintiff filed a Motion to Vacate and several notices in all three actions before this Court.  The Motions to Vacate filed in all three actions contain substantially similar, if not identical, arguments to the Second Motion to Vacate at issue in this Order.

3:25-cv-01488-RBM-DEB

Electronically File Documents ("E-File Motion") (Doc. 4).  On June 20, 2025, this action was identified as related to *Abera I* pursuant to Local Rule 40.1.  (Doc. 5.)  Plaintiff filed an objection to the transfer that same day.  (Doc. 6.)  On June 30, 2025, this action was transferred to the undersigned.  (Doc. 8 at 1.)

The next day, and again before the Court issued a ruling on Plaintiff's motions, Plaintiff filed a second Notice of Appeal with the Ninth Circuit claiming a "constructive denial" of his TRO Application.  (Doc. 9 at 2.)  The Ninth Circuit again denied his second appeal for lack of jurisdiction.  (Doc. 14.)  On July 18, 2025, Plaintiff filed a petition for a writ of mandamus with the Ninth Circuit.  (Doc. 13.)  The Ninth Circuit denied the petition, finding that Plaintiff failed to demonstrate "a clear and indisputable right to the extraordinary remedy of mandamus."  (Doc. 15 at 1.)

On July 21, 2025, Plaintiff filed an Emergency Motion to Disqualify Pursuant to 28 U.S.C. § 455(a) ("Motion to Disqualify").  (Doc. 16.)  Plaintiff then filed an Affidavit of Personal Bias and Prejudice Pursuant to 28 U.S.C. § 144.  (Doc. 17.)  On July 25, 2025, this Court issued an order: (1) granting Plaintiff's second IFP Application; (2) dismissing his Complaint on screening for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine; (3) denying Plaintiff's TRO application; (4) denying Plaintiff's E-File Motion as moot; and (5) denying Plaintiff's Motion to Disqualify (the "July 25, 2025 Order").  (Doc. 18.)  Plaintiff filed the instant Motion to Vacate on August 1, 2025 (Doc. 20) and the Second Motion to Vacate on October 8, 2025 (Doc. 24).  Although this action remains closed, Plaintiff has also continued to file several miscellaneous notices in this action between October 14, 2025 and January 21, 2026.  *See id*. ECF Nos. 25–26, 28–31.

**C.  *Abera III***

On July 31, 2025, Plaintiff filed a third civil action accompanied by a third TRO Application, a second E-Filing Motion, and an "Affidavit of Personal Bias and Prejudice." *Abera v. PacificVU LLC et al.*, Case No. 25-cv-01937-RBM-DEB (S.D. Cal. July 31, 2025), ECF Nos. 1–5 ("*Abera III*").  On August 4, 2025, *Abera III* was identified as related to *Abera I* pursuant to Local Rule 40.1(e).  *Id*., ECF No. 6.  Plaintiff filed an Objection to

the Related Case Designation (*Id*., ECF No. 8; *see also id*. ECF No. 9), which the Honorable Judge Robert S. Huie overruled. *Id*., ECF No. 11. *Abera III* was then transferred to the undersigned on August 11, 2025. *Id*., ECF No. 12. On August 15, 2025, and once again before the Court issued a ruling on Plaintiff's motions, Plaintiff filed a third Notice of Appeal (*id*., ECF No. 13) which the Ninth Circuit subsequently denied for lack of jurisdiction (*id*., ECF No. 19). On August 18, 2025, the Court dismissed the action with prejudice. *Id*., ECF No. 14. On August 29, 2025, Plaintiff filed a fourth Notice of Appeal with the Ninth Circuit, appealing the Court's order dismissing *Abera III*. *Id*., ECF No. 20. The Ninth Circuit dismissed his appeal as frivolous on November 17, 2025. *Id*., ECF No. 30; *see id*. ECF No. 31. On October 8, 2025, Plaintiff filed a Motion to Vacate Judgment under Rule 60(b)(4) and Rule 60(d)(3) where he asserts similar arguments as in his motion to vacate filed in *Abera I* and the Second Motion to Vacate in the instant action. *Id*., ECF No. 25. Although *Abera III* remains closed, Plaintiff has also continued to file several miscellaneous notices in this action between October 14, 2025 and January 21, 2026. *See id*., ECF Nos. 26, 27–29, 32–34.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 60(b) "allows for relief from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (citing *Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020) (cleaned up)).

The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). That party must show "more than a disagreement with the Court's decision[;] recapitulation of the

4

cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Westlands Water*, 134 F. Supp. 2d at 1131 (cleaned up).

### III.   **DISCUSSION**

In the Motion to Vacate, Plaintiff seeks to vacate the July 25, 2025 Order under Rule 60(b)(4) and Rule 60(b)(6).  (Doc. 20 at 2–3.)  In the Second Motion to Vacate, Plaintiff repeats his Rule 60(b)(4) arguments and also seeks to vacate the July 25, 2025 Order under Rule 60(d)(3).  (Doc. 24 at 3–4.)  The Court addresses each argument in turn.

### A.    **Rule 60(b)(4)**

Rule 60(b)(4) provides that a court may grant relief from a final judgment where "the judgment is void."  "A judgment is not void . . . simply because it is or may have been erroneous."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted).  Rather, this rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Id*. at 271; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ("A final judgment is void for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law.") (citations omitted).  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction."  *Id.* at 271 (cleaned up).

In the Motion to Vacate, Plaintiff does not address the grounds that justified dismissal of the Complaint—the Court's lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[2]   Instead, Plaintiff contends that "[b]y dismissing the case

---

[2] The Court had jurisdiction to screen and dismiss the Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See Dolzhenko v. McKay*, No. CV 21-02591-DMG (PD), 2021 WL 11095571, at *1 (C.D. Cal. July 8, 2021) ("This Court

5

without resolving the pending disqualification motion, the Court acted beyond its lawful authority." (Doc. 20 at 2.) Contrary to Plaintiff's contention, the Court thoroughly considered his arguments and denied the Motion to Disqualify in its July 25, 2025 Order. (*See* Doc. 18 at 14–16.)

Plaintiff also suggests that the mere filing of an affidavit automatically requires "the presiding judge to cease taking further action and refer the disqualification challenge for proper adjudication." (Doc. 20 at 6.) This argument lacks merit. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (rejecting the same contention as meritless). A challenged judge is "not required to refer [the] motion to another judge under section 144, . . . if the motion and supporting affidavit [are] legally insufficient to establish grounds for recusal." *United States v. Day*, 107 F.3d 17 (9th Cir. 1997). As a preliminary matter, Plaintiff filed the Motion to Disqualify under 28 U.S.C. § 455, not § 144. (*See generally* Doc. 16.) *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("A party desiring referral to a second judge upon a determination of legal sufficiency may invoke the provisions of section 144 *by filing a motion under that section* accompanied by a timely and sufficient affidavit.") (emphasis added). Nonetheless, as detailed in the July 25, 2025 Order (*see* Doc. 18 at 14–16), the Court found that Plaintiff's allegations failed to establish a reasonable question as to the undersigned's bias or prejudice.[3] *See also Sibla*, 624 F.2d at 867 ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)."). Plaintiff therefore fails to demonstrate that the Court

had jurisdiction to determine it did not have jurisdiction over the Complaint [on *Rooker-Feldman* grounds].").

[3] Plaintiff's supporting declaration repeats the same arguments and allegations of bias and prejudice in the Motion to Disqualify. (*Compare* Doc. 16 at 2–4 (asserting arguments concerning this Court's previous order in the Related Case and transfer of the instant action pursuant to Civil Local Rule 40.1); *with* Doc. 17 at 2–4, 7–10 (asserting the same).)

3:25-cv-01488-RBM-DEB

acted beyond its authority.  As Plaintiff does not assert any jurisdictional or due process defects, he fails to show any colorable basis to find that the July 25, 2025 Order is void under Rule 60(b)(4).

**B.    Rule 60(b)(6)**

Plaintiff argues that relief under Rule 60(b)(6) is appropriate because he was "deprived of judicial recourse and federal oversight at a critical stage."  (Doc. 20 at 3.) Specifically, Plaintiff claims he faced "verified retaliation in overlapping state proceedings, coordination between state judges and opposing counsel, constructive denial of access to federal forums due to prolonged judicial inaction, [and] improper application of procedural rules to manufacture finality."  (*Id*. at 2–3 (cleaned up).)

"A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'"  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103(9th Cir. 2006)).  "Judgments are not often set aside under Rule 60(b)(6)."  *Latshaw*, 452 F.3d at 1103.  Indeed, the Ninth Circuit has "cautioned that this Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest*, 531 F.3d at 749 (quoting *Latshaw*, 452 F.3d at 1103).

In the Motion to Vacate, Plaintiff repeats the allegations contained in his prior filings concerning "retaliation," "constructive denial of access to federal forums," and "improper application of procedural rules."  (Doc. 20 at 3; *see, e.g.*, Doc. 1-2 at 2 ("With no ruling issued, Petitioner filed an Emergency Notice of Appeal to the Ninth Circuit based on *constructive denial*" of his TRO motion in *Abera I*) (emphasis in original).)  But Plaintiff fails to explain how these alleged factors "prevented [him] from taking timely action." *See Harvest*, 531 F.3d at 749.  On the contrary, the facts demonstrate that Plaintiff has been fully able to take timely action "to protect [his] interests" in all three related cases before this Court.  *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th

Cir. 1993). Within a two-month time frame, Plaintiff: (1) filed three complaints, three TRO motions, and three IFP applications in this District; (2) timely objected the transfer of his cases to the undersigned pursuant to Civil Local Rule 40.1; and (3) timely filed four Notices of Appeal with the Ninth Circuit. (*See supra* I.A–C.) On October 8, 2025, Plaintiff filed three additional Rule 60(b) motions in each of the actions he commenced this District, accompanied by supporting declarations and several miscellaneous notices. (*See* Docs. 24–28.) *See Abera I*, Case No. 25-cv-01437-RBM-DEB, ECF Nos. 15–19; *Abera III*, Case No. 25-cv-01937-RBM-DEB, ECF Nos. 25–29. Most recently, Plaintiff litigated his appeal of the Court's dismissal in *Abera III* which the Ninth Circuit dismissed as frivolous. *See Abera III*, Case No. 25-cv-01937-RBM-DEB, ECF No. 30 (S.D. Cal. Nov. 17, 2025).

Plaintiff therefore fails to show "extraordinary circumstances" that justify relief under Rule 60(b)(6). *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (holding the district court did not abuse its discretion in denying a Rule 60(b) motion where the moving parties "simply reargued their case").

### C. Rule 60(d)(3)

Rule 60(d)(3) provides that Rule 60 does not "limit a court's power to . . . set aside a judgment for fraud on the court." To prevail under Rule 60(d)(3), the moving party "must show fraud on the court, rather than the lower showing required for relief under Rule 60(b)(3)." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2675 (2018). "[F]raud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id*. (cleaned up). Courts "exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence." *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011).

Plaintiff claims there were "several deliberate acts to obstruct adjudication and sanitize the record," including that "[t]he appellate court misapplied § 1291 to an interlocutory appeal erasing Rule 27-3 motions" and that its "[o]rder reused text from unrelated litigation." (Doc. 24 at 3.) Plaintiff, however, does not provide "clear and

8

convincing evidence" establishing any fraud on the Court. *See Estate of Stonehill*, 660 F.3d at 443–44. Fatally, Plaintiff does not, and cannot, demonstrate the alleged fraud influenced the Court's dismissal of this case. *See Sierra Pac. Indus., Inc.*, 862 F.3d at 1167. In fact, the alleged "acts" took place after this Court issued the July 25, 2025 Order. (*See* Doc. 24 at 3.) Thus, Plaintiff fails to provide a valid basis to justify vacating the judgment under Rule 60(d)(3).

## IV.   VEXATIOUS LITIGANT

This Court previously warned Plaintiff that he may be deemed a vexatious litigant if he made "any further duplicative filings in this Court." *See Abera III*, Case No. 25-cv-01937-RBM-DEB (S.D. Cal. Aug. 18, 2025), ECF No. 14 at 8. ***This is Plaintiff's final warning.*** As previously noted, Plaintiff has filed three duplicative actions in this District, four improper appeals with the Ninth Circuit, and countless filings in each of those actions. Each action has been meritless and resolved against Plaintiff. Yet, Plaintiff has continued to abuse the judicial process and consume this Court's time and resources with frivolous litigation. If Plaintiff continues to do so, the Court will issue an Order to Show Cause as to why it should not institute a prefiling bar requiring him to seek approval before he can file any further lawsuits.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate (Doc. 20) and Second Motion to Vacate (Doc. 24) are **DENIED**. This case remains **CLOSED** and the Court **DIRECTS** the Clerk of the Court to reject any further filings in this case except for a timely-filed Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATE: February 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

9

3:25-cv-01488-RBM-DEB